■ MORRIS WEINRAUCH, Appellant, v. LOUIS EPSTEIN et al., Respondents. — Judgment entered in defendant's favor unanimously affirmed, with $50 costs to respondents. We agree with plaintiff that he would be entitled to relief if it were established that the stock options obtained by defendant Epstein were intended to be a part of the compensation to be paid the partnership for services rendered, or that the possibility of securing such options might have presented a partnership opportunity. In such circumstances a diversion of the options by Epstein to himself would be contrary to the fiduciary duty he owed the plaintiff and would make such conduct actionable — and it would be immaterial whether he disclosed or failed to disclose the circumstances to his partner (see *Meinhard* v. *Salmon*, 249 N. Y. 458). However, the trial court found that there was no breach of that duty and the evidence supports such finding. On the contrary the trial court found that the partnership had been fully compensated for its services by the payment to it of $25,000; that the client never intended to give any options to the partnership; and that in no circumstances could the partnership receive the options. The options were given to and accepted by Epstein solely as an inducement for him to enter into the employ of the client — involving no departure from the high standard of fidelity imposed upon partners. These findings are amply supported by the evidence and in the circumstances the plaintiff is not entitled to judgment. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.